FILED

AUG 31 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY WILDS,

   Plaintiff,

 v.

DONALD GINES, et al.,

   Defendants.
           /

No. C 08-03348 CW (PR)

ORDER GRANTING PLAINTIFF A LIMITED EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION; AND SETTING SCHEDULING ORDER

(Docket nos. 19, 22)

  Plaintiff has filed a request for an extension of time, up to and including ninety days from the original deadline of August 23, 2010, in which to file his opposition to Defendants' motion for summary judgment, on the grounds that he would like to engage in discovery. Defendants oppose Plaintiff's request for a ninety-day extension, and ask the Court to "deny, or in the alternative, limit, the plaintiff's request for an enlargement of time to file an opposition." (Defs.' Opp'n to Pl.'s Mot. for EOT at 3.)

  Having read and considered Plaintiff's request and the accompanying declaration as well as Defendants' opposition, the Court GRANTS IN PART Plaintiff's request for an extension of time in order to engage in discovery before filing his opposition to Defendants' motion for summary judgment. (Docket nos. 19, 22). The Court denies Plaintiff's request for a ninety-day extension from the original deadline of August 23, 2010. Instead, the Court GRANTS Plaintiff a limited extension of time to file his opposition. Because Plaintiff has already been given a sixty-day deadline from the date Defendants' motion for summary judgment was

filed to submit his opposition, the deadline for Plaintiff's opposition will be extended up to and including October 25, 2010.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

The Court ORDERS the parties to abide by the following scheduling order to complete discovery and to file pleadings as outlined below:

1. Plaintiff must serve Defendants with any additional discovery demands no later than September 7, 2010.

2.   Defendants should serve their responses and/or objections to Plaintiff's discovery demands no later than <u>September 21, 2010</u>.

3.   If Plaintiff's discovery requests are denied, Plaintiff may move to compel discovery no later than <u>October 8, 2010</u>.

4.   In order to expedite the resolution of this case, the Court further orders as follows:

   a.   Plaintiff's opposition to the Defendants' motion for summary judgment shall be filed with the Court and served on Defendants no later than <u>October 25, 2010</u>. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of

3

defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations (statements of fact within the personal knowledge of the person making the statement, with an affirmation that the contents of the statement are true, signed under penalty of perjury) from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration, see Fed. R. Evid. 901(b)(1), or by other appropriate means, see Fed. R. Evid. 901-03. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    b.  If Defendants wish to file a reply brief, they shall do so no later than fifteen (15) days after the date Plaintiff's opposition is filed.

    c.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.  No further extensions of time will be granted absent exigent circumstances.

6.  This Order terminates Docket nos. 19 and 22.

IT IS SO ORDERED.

DATED: **AUG 3 1 2010**

CLAUDIA WILKEN
United States District Judge